IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TOREY BEASLEY | ) | |
| Plaintiff | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | 2:07-cv-198-MHT |
| | ) | |
| KATHLEEN BLANCO, et al. | ) | |
| Defendants. | ) | |
| | ) | |

## OBJECTION TO THE MAGISTRATE'S RECOMMENDATION

Comes now the Plaintiff __BEASLEY__, Pro-Se, in the above styled cause, and files this his objection to the to Magistrate's recommendation, and the Plaintiff shows the following in support thereof:

1. The Magistrate in his recommendation concludes that the Plaintiffs claims against defendant Riley, and Allen should be dismissed with prejudice prior to service (Doc-9-1), the Magistrate further concludes that __BEASLEY__ has brought the action against defendant Riley on the basis of respondent superior (Doc-9-1) __BEASLEY__ avers that defendant is sued in his **OFFICIAL CAPACITY** as the Governor of the State of Alabama, on the basis that defendant Riley has violated the limits of his powers authorized by the State Legislature. Defendant Riley is wholly responsible for the implementation of the contract with the remaining defendants of this case, and as the Governor of Alabama, and has the responsibility of contractual rights under Code of Alabama 1975 § 14-1-1 through 14-1-17. Furthermore, as the Superior over powers vested in the Department of Corrections, the contract in this case for the transfer of the Plaintiff was signed by defendant Riley. And

1

therefore is personally involved in the action see, **BOGARD v COOK**, 586 F.2d 399 5th. CIR 1979, and **MONELL v Dept. of social service**, 436 U.S. 658, 690, 985 C.T. 2018, 2036, 56 L.Ed.2d 611 (1978), therefore the Magistrate's recommendation is in error that defendants and Riley should be dismissed from this action.

B). The Magistrate asserts that failure to imprison  BEASLEY  in a facility within Alabama does not implicate due process of the Constitution, relying upon the cases of **MEACHUM v FANO**, 427 U.S. 215 (1976), and **MONTAYNE v HAYMES**, 427 U.S. 236, 96 S.CT 2543, 49 L.Ed.2d 466 (1970), and **MISQUOTES** those cases so they reflect that imprisonment in any institution is within normal range of custody that is authorized by the State. (Doc-9-1), however, it should be noted that the above cases actually state that **"No due process is violated unless, there are particularized standards or criteria which guide the decision makers"**. and in both the above cited cases those states had no rules or statutes that contained the mandatory language of the statutes in the present case, and while it is recognized that a inmate may be confined in any of the 'States' own institutions, as was stated in the cases cited by the Magistrate, the Plaintiff contends that because the State Statutes of Alabama, contain as mandatory language using words such as "prohibited from" as used in §14-1-1.2, and §14-13-1 et, seg. Defines parties who may legally join with Alabama in a contract for housing care and control of Alabama inmates, and because the Alabama classification Manual chapter 5 page 66 sets forth the procedures for transferring a Alabama inmate across the State line pursuant to the I.C.C. requires a waiver of extradition. These are all 'State Created', liberty interest that are protected by the Fourteenth Amendment of the U.S. Constitution, See **Perry v Snider**, 408 U.S. 593, 33 L.Ed.2d 570, 92 S.Ct 2694 (1972), and **Dent v West Virginia**, 129 U.S. 114 32 L.Ed 623, 9 S.Ct 231 (1889), therefore the Magistrate's conclusion is due to be denied.

2

C). the Magistrate concluded that the transfer of Plaintiff to S.L.C.C. did not constitute a 8th. Amendment violation, stating that it is not a sufficient deprivation, (Doc-9-1). The Plaintiff contends that in addressing this claim that the Magistrate has **over looked** the **Facts** presented that show the Plaintiff is suffering 'ATYPICAL' treatment to that of all other Alabama inmates, because the facts are that Plaintiff is being subjected to placement with Louisiana inmates whom have tuberculosis and are not separated and even working in the Kitchen preparing food. And are not medically screened upon arrival for any diseases as Alabama inmates are screened for upon arrival of any Alabama institution. Also inadequate medical care, lack of supervision of inmates, subjected to canteen prices that are often 300 percent higher than what inmates in Alabama facilities are paying, all of these facts state an eight Amendment claim under *Helling v McKinney*, 509 U.S. 25 (1993), because being housed and in contact with Louisiana inmates puts the Plaintiff at serious risk of acquiring tuberculosis or other serious diseases, when Louisiana inmates are known to defendants to have these diseases, and yet not screened upon arrival of S.L.C.C. Therefore the recommendation of the Magistrate must fail. **Alabama Legislature's** passage in 1987 of a Statute that provides, among other things, that all persons sentenced to confinement in a Alabama State Correctional Facility 'MUST' be tested for various sexually transmitted diseases designated by the **State Board of Health**. Therefore the Magistrate's conclusion is due to be denied.

D). The Magistrate concludes that summary dismissal is appropriate for Plaintiff's equal protection claim. The Plaintiff contends that in *Cruz v Shelton*, 543 F.2d 86 (5th. CIR 1976), the Court stated, "The allegation of a complaint especially Pro-Se, must be accepted as true in testing the sufficiency". The Plaintiff contends that he has a Liberty interest created by the State of Alabama in the statutes that set forth the procedures for transfers under certain circumstances.

3

See Code of Alabama 1975 §14-3-43, 14-13-1 et, seq. 14-1-1.2 see, **_Sandin v Conner_**, 115 S.Ct 2293 (1995), and therefore a constitutional violation has occurred in this case. Because the defendants have subjected him to disparate treatment without due process which is constitutionally protected. And the Plaintiff avers that he was similarity situated with prisoners in Alabama and the defendant transferred him without a waiver of extradition, and to a party that cannot contract with Alabama. And the Plaintiff has stated created Liberty interest in the way the Law of the State are enforced against him. See, **_Halberty v Michigan_**, 162 L.Ed.2d 552, 545 U.S. ___ 2006. Also a Court Order imposing the sentence on the Plaintiff is monitory in its Term to a period of time in a Alabama State Penitentiary is also a Liberty interest that is **PROTECTED** by the **CONSTITUTION**, especially since even the Court which imposed that sentence cannot **MODIFY** its terms of Pronouncement after 30 days, therefore plaintiff has a State created right to remain in a Alabama Facility. And based on the facts alleged, the plaintiff has shown unequal treatment of similarly situated persons, and a Constitutionally protected right of due process and the Magistrate's recommendation must fail.

E). The Magistrate concludes that the State Law claims should be dismissed (Doc-9-1) furthermore, he concludes in footnote #8, that the transfer to the out of State Private Prison does not appear to prohibit such a transfer. The Plaintiff contends that even though the claims involve State laws, they are preempted by due process of the Fourteenth Amendment, §14-13-1 et, seq. specifically designates that '**Only**' the United States of America, a State of the United States, a territory or possession of the United States, the District of Columbia, or the Common Wealth of Puerto Rico, "Are the only designated entities authorized by this section to enter into a contract with Alabama for housing, custody, and care of Alabama inmates. Furthermore the Alabama Department of Corrections, **OWN** Rules, Reg. 022, requires waiver of extradition in such

4

transfers. Therefore this Alabama statute is pre-empted by the Federal I.A.D. Statute.

When a State Law is pre-empted by Federal Law the Court is not excluded from considering a State Law claim see, **Wallace v County of Comal**, 400 F.3d 284 (5th. CIR 2005), therefore the Magistrates recommendation should fail.

F). The Magistrate concludes that the conditions of confinement are beyond the venue of this Court. The Plaintiff contends that venue is proper in this Court because the complained of within the suit occurred in both Alabama and Louisiana, and defendants are situated in **Both States** and therefore there exist **QUASI JURISDICTION** to either Court to entertain this complaint. In this case defendants Riley and Allen have directly participated with the Louisiana defendants in the illegal acts of violating both Alabama and Louisiana State Law through the contract for housing of the Plaintiff in Louisiana, which is not authorized by any authority in the State of Alabama, and by the Louisiana defendants who are acting as State Agents of Alabama Department of Corrections, and therefore the Alabama defendants are **Supervisors of Louisiana defendants**, and therefore venue is proper in this Court see, **Meriweather v Coughlin**, 879 F.2d 1037 (2nd. CIR 1989) and the Magistrates recommendation should fail in this cause.

## CONCLUSION

The Plaintiff has shown facts that he is being subjected to serious risk of injury due to the defendants Allen, and Riley entering into a contract with the out of State facility that does not test it's inmates for communicable diseases, see **Helling v McKinney**, 509 U.S. 25 (1993), where the Plaintiff is being denied access to the Courts, and charged prices for basic needs that are not only **Outrageous** but violates the Federal price rates. The Plaintiff has shown that the Louisiana defendants who are 'acting agents' of the State of Alabama are being deliberately indifferent to clearly established rights of the Petitioner as guaranteed by the first, eight, and fourteenth

5

Amendments, and denying the Plaintiff his statutory created rights to enjoy the same benefits, rights, programs, and privileges as other Alabama inmates. And the Plaintiff has shown that the transfer violated Alabama's own Laws and the rights of Plaintiff's liberty interest in the manner in which the State Laws a implemented.

The Magistrate in foot-notes -7- states, §14-15-17 Ala. Code does not exist, the Plaintiff submits the cite by Plaintiff should have been §14-1-17, as shown a typographical error, and should be liberally construed. The Plaintiff has shown that he is being subjected to '**Atypical treatment**' and summary dismissal would not be proper in this case and is reviewed ***de novo***, 922 F.2d 1536 (11th CIR 1991).

*Tony Beasley*
Plaintiff.

Done this 27 day of March, 2007.

I certify that I have placed a copy of the foregoing in the prison mailbox, first class postage pre-paid on the 27 day of March, 2007.

_____  _____
Witness                    Torey Beasley